No. 5947.

## MUTUAL NATIONAL BANK OF NEW ORLEANS vs. A. MILTENBERGER & Co. ET AL.

The judge *a quo* evidently erred in dismissing, as showing no cause of action, the intervention and third opposition in which the intervenor alleged she had the first mortgage on the property seized by plaintiff, praying that her mortgage-debt be recognized, and that the same be paid by preference out of the proceeds of the sale, and that the sheriff be directed to retain the proceeds of the sale subject to the further-order of the court. The case must be remanded.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *T. H. Kennedy & Chiapella*, for plaintiff and appellee. *E. D. White*, for intervenor and appellant.

LUDELING, C. J. The plaintiff, having obtained an order of seizure and sale against certain real estate of the defendants, mortgaged to pay a debt of the plaintiff, had caused the same to be seized and advertised for sale, when Mrs. C. Nott, wife of G. Miltenberger, filed her petition of intervention and third opposition, in which she alleged she had the first mortgage on the property seized, to secure the payment of ten thousand dollars and interest, and she prayed that her mortgage and debt be recognized and that the same be paid by preference out of the proceeds of the sale, and that the sheriff be directed to retain the proceeds of the sale, subject to the further order of the court. The seizing creditor then filed an exception that the petition of intervention and third opposition showed no cause of action. This exception was maintained and the third

opposition was dismissed. This was manifestly wrong. The third person alleged that she had the first mortgage on the property, which entitled her to be paid by preference out of the proceeds of the sale of the property. The proceeding is authorized by articles 395, 396, 401, C. P.

It is therefore ordered that the judgment of the lower court be reversed, and that the exception be overruled and the case be remanded to the court *a qua* to be proceeded with according to law. It is further ordered that appellee pay costs of appeal.